UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NISAR MOHAMMADI, | ) |
| Plaintiff, | ) |
| | ) NO. 3:22-cv-00140 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| KONICA-RENEE MOORE, | ) |
| Defendant. | ) |

## ORDER

On February 15, 2022, Konica-Renee Moore attempted to remove a Rutherford County General Sessions Court action brought by Nisar Mohammedi against Tracy Bowman concerning the alleged wrongful possession of a property in Murfreesboro, Tennessee. *See Mohammadi v. Bowman*, Case No. 3:22-cv-00099 (Doc. Nos. 1, 1-1.) The Court remanded the case to state court because (a) although Moore implied that she lived at the property, she was not a party to that Rutherford County General Sessions Court action; and (b) the Notice of Removal did not establish federal subject-matter jurisdiction. *Id*. (Doc. Nos. 1 at 2; 5.) Mohammadi subsequently initiated a similar state action against Moore, and Moore filed a Notice of Removal. (Doc. Nos. 1, 1-1 at 1-2.)

Moore has the burden of showing that removal is proper. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996); *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). Under 28 U.S.C. § 1441(a), a defendant may generally remove "any civil action brought in a State court" if a federal court has original jurisdiction over the action. *Meadows v. Douglass*, No. 3:20-cv-00355, 2020 WL 2319784, at *1 (M.D. Tenn. May 11, 2020). "'Federal courts are courts of limited jurisdiction,'"

with subject-matter jurisdiction "over two general types of cases: cases that 'arise[e] under' federal law, [28 U.S.C.] § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, [28 U.S.C.] § 1332(a)." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). The Court must remand "[i]f at any time before final judgment it appears that the district court lacks subject-matter jurisdiction." 28 U.S.C. § 1447(c); *see also Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 404 (6th Cir. 2007) ("All doubts as to the propriety of removal are resolved in favor of remand.").

Moore's Notice of Removal (essentially copied from *Mohammedi v. Bowman*) again relies on federal-question jurisdiction by suggesting that the state case is a civil rights action arising under 42 U.S.C. § 1983 or a suit subject to admiralty law. (Doc. No. 1.) As the Court has made clear, however, "the underlying case does not present any claim under Section 1983, admiralty law, or any other federal law; rather, it is a quintessential state law action concerning possession of a residential property after foreclosure." Case No. 3:22-cv-00099 (Doc. No. 5 at 3.) Because Moore has not offered any other plausible basis for the Court's original jurisdiction, this case must be remanded for lack of federal subject-matter jurisdiction. 28 U.S.C. § 1447; *Fam. Tr. Servs. LLC v. Coone*, No. 3:18-cv-0859, 2019 WL 1128636, at *3 (M.D. Tenn. Mar. 12, 2019).

Accordingly, the Notice of Removal (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court shall promptly **REMAND** this case to the Rutherford County General Sessions Court.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

2

Case 3:22-cv-00140   Document 4   Filed 03/02/22   Page 2 of 2 PageID #: 56